INTERIOR DISTRIBUTORS, INC. v. PROMAC, INCORPORATED; BOYCE SUPPLY COMPANY; SHAW DECORATING COMPANY, INC.; AMERICAN ACOUSTICAL & FLOORING COMPANY

No. 7510DC363

(Filed 5 November 1975)

Laborers' and Materialmen's Liens § 9— three second-tier contractors — payment on pro rata basis

Where two second-tier contractors gave written notice to the obligor of their claims, plaintiff who was also a second-tier contractor filed a notice of claim of lien in the superior court, the obligor acknowledged the three claims, withheld additional payment to the defaulting contractor and agreed to distribute the funds so withheld to the three second-tier contractors on a pro rata basis, plaintiff showed no priority or right to recover a greater percentage of his debt than the two other second-tier contractors, and the trial court properly directed payment to the three second-tier contractors on a pro rata basis. G.S. 44A-18(2); G.S. 44A-20; G.S. 44A-21.

APPEAL by plaintiff from *Winborne, Judge.* Judgment entered 20 March 1975 in District Court, WAKE County. Heard in the Court of Appeals 28 August 1975.

Promac is a general contractor. American subcontracted to do certain work for Promac and failed to complete the job. Promac owes American as a result of American's partial performance.

Plaintiff, Boyce and Shaw all furnished materials to American as second-tier subcontractors, and American is indebted to them. Boyce notified Promac of its claim in writing on 21 March 1974. Shaw gave Promac written notice of its claim on 28 March 1974. Plaintiff filed a notice of claim of lien in Wake County Superior Court (the work was performed on property

in Orange County). Promac received notice of plaintiff's claim on 9 April 1974. The form of plaintiff's notice generally followed that prescribed by G.S. 44A-19.

Promac recognized all three claims. The amount it owed American is insufficient to pay the three claims in full. It offered to make a pro rata distribution to plaintiff, Boyce and Shaw.

Plaintiff filed this suit seeking to recover all of the funds owed American and held by Promac.

The court entered judgment directing a pro rata distribution to plaintiff, Boyce and Shaw.

*W. Hugh Thompson, for plaintiff appellant.*

*C. Horton Poe, Jr., for defendant appellee Boyce Supply Company; Spears, Spears, Barnes, Baker and Boles, by J. Bruce Hoof, for defendant appellee Shaw Decorating Company, Inc.*

VAUGHN, Judge.

A second-tier subcontractor who furnishes labor or materials is entitled to a lien upon funds owed to the first-tier subcontractor with whom he dealt. G.S. 44A-18(2). The lien is perfected by giving notice to the contractor who is obligated to the first-tier contractor. Upon receipt of that notice the obligor must retain any funds subject to the lien. G.S. 44A-20. If the funds held are less than the amount of valid lien claims filed with the obligor, the parties are entitled to share the funds on a pro rata basis. G.S. 44A-21.

Here plaintiff, a second-tier contractor, contends that the other two second-tier contractors, Shaw and Boyce, are not entitled to share in the funds because their written notices to the obligor, which were given earlier than that of plaintiff, are not in the form prescribed by G.S. 44A-19. We need not decide whether the information given in the notices was in substantial compliance with that required by G.S. 44A-19. The obligor acknowledged the claims, withheld additional payment to the defaulting contractor and agreed to distribute the funds so withheld to the second-tier contractors on a pro rata basis. On the facts of this case and as between these parties, plaintiff has shown no priority or right to recover a greater percentage of his debt than have Boyce and Shaw.

The judgment of the District Court directing payment of the three second-tier subcontractors on a pro rata basis is affirmed.

Affirmed.

Judges MORRIS and CLARK concur.